Leah S. Freed, SBN 021332
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Fax: (602) 778-3750
Leah.Freed@OgletreeDeakins.com

Attorneys for Defendant Honeywell International Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Lolita Harrison,<br><br>  Plaintiff,<br><br>vs.<br><br>Honeywell International,<br><br>  Defendant. | No. _____<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, 1441 AND 1446** |

**To the Clerk of the above-entitled Court:**

Defendant Honeywell International Inc., improperly identified as "Honeywell International" in the Complaint ("Honeywell"), by and through undersigned counsel, notifies this Court of the removal of the above civil action from the Superior Court of the State of Arizona, Maricopa County, Arizona to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446. This Notice of Removal is supported by the Declaration of Lori Collins, filed herewith.

**I.  THE STATE COURT ACTION**

1. Plaintiff Lolita Harrison filed an action against Honeywell on March 5, 2018, in the Superior Court of the State of Arizona, County of Maricopa, and served Honeywell on March 9, 2018. The action is entitled *Lolita Harrison v. Honeywell International* and bears the Case Number CV2018-051491.

2. A true and correct copy of the Complaint, Certificate of Compulsory Arbitration, Summons and Notice of Service of Process are attached as Exhibit A.

3. No further proceedings have been had in state court as of the date of this Notice.

## II. FEDERAL QUESTION JURISDICTION EXISTS

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which confers subject matter jurisdiction over cases presenting questions of federal constitutional, statutory, and common law. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). Jurisdiction exists pursuant to § 1331 when a federal question is presented on the face of the plaintiff's complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

5. Plaintiff's Complaint asserts a claim for wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, which presents a question of federal law. Therefore, this Court has original jurisdiction for Plaintiff's claim under 28 U.S.C. § 1331, 1332, 1367 and 1446, as well as removal jurisdiction under 28 U.S.C. § 1441(b). Complaint at p. 1.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law wage claims under A.R.S. § 23-353. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. State law claims are part of the same "case" as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (quoting *Finley v. United States*, 490 U.S. 545, 549 (1989)).

7. Here, all of Plaintiff's claims arise from her employment with Honeywell. Specifically, Plaintiff alleges the very same facts in support of her state and federal claims. Complaint at pp. 1-2. Because all claims thus arise from the same "common nucleus of operative fact," such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding," this Court has supplemental jurisdiction over Plaintiff's state law claims. *See Trustees of Constr. Indus. & Laborers Health & Welfare Trust*, 333 F.3d at 925.

8. The presence of at least one claim over which the district court has original jurisdiction is sufficient to allow removal of an entire case. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1002-03 (9th Cir. 2001). Accordingly, because this Court has original jurisdiction over Plaintiff's FLSA claim and supplemental jurisdiction over Plaintiff's state law claim, the entire action may be removed to this Court pursuant to 28 U.S.C. § 1441(a). *Id.*

## II. DIVERSITY JURISDICTION EXISTS

9. For diversity purposes, a person is a "citizen" of the state in which he/she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he/she resides with the intention to remain or to which he/she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. Upon information and belief, Plaintiff is a citizen of the state of Arizona, County of Maricopa. *See* Civil Cover Sheet (Exhibit A) and Declaration of Lori Collins ("Collins Decl.") at ¶ 6, attached hereto as Exhibit B.

11. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "principal place of business [as set forth in section 1332(c)] is best read as referring to the place

where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* at 93; see also *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administration functions).

12. Honeywell, at the time this action was commenced, was and still is a corporation organized under the laws of the State of Delaware. Collins Decl. at ¶ 4, Exhibit B.

13. Honeywell maintains its corporate headquarters and principal place of business in Morris Plains, New Jersey, which also serves as the location where Honeywell performs the vast majority of its executive and administrative functions. Collins Decl. at ¶ 5, Exhibit B.

14. Based on the foregoing, Honeywell is not a citizen of the State of Arizona. Therefore, complete diversity exists among and between Plaintiff and Honeywell.

15. This court has original jurisdiction over the case pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000 minimum, exclusive of interest and costs.

16. Plaintiff's Complaint seeks "compensatory damages in the amount of $250,000 and punitive damages in the amount of $250,000." Complaint at ¶ 12.

17. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.[1]

---

[1] Honeywell discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, Honeywell does not
Continued on Next Page

**IV.    OTHER REQUIREMENTS FOR REMOVAL ARE MET**

18.    This Notice of Removal is timely under 28 U.S.C. §1446(b) because fewer than thirty (30) days have elapsed since Honeywell received a copy of Plaintiff's Complaint.

19.    Honeywell has served a copy of this Notice on Plaintiff and a copy of the Notice has also been filed with the Maricopa County Superior Court Clerk pursuant to Rule 3.6 of the Local Rules of the District Court for the District of Arizona. A copy of the Notice filed with the state court clerk is attached as Exhibit C.

20.    Honeywell hereby requests that this action be removed from the Maricopa County Superior Court to this Court.

RESPECTFULLY SUBMITTED this 29th day of March 2018.

                          OGLETREE, DEAKINS, NASH,
                          SMOAK & STEWART, P.C.

                          By: s/Leah S. Freed
                              Leah S. Freed
                              2415 East Camelback Road, Suite 800
                              Phoenix, Arizona 85016
                              Attorneys for Defendant

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

---

admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories.

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March 2018 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. I also hereby certify that on the 29th day of March 2018 I served the attached document by U.S. Mail on:

Lolita Harrison
9428 East Sutton Drive
Scottsdale, Arizona 85260


s/Debra A. Irwin

33317074.1