Lolita Harrison

9428 E Sutton Drive

Scottsdale, AZ 85260

Telephone: 480-253-1974

*Pro Per Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Lolita Harrison,**

       Plaintiff,

vs.

**Honeywell International Inc.**

       Defendant

Case No.: CV-18-990-PHX-DLR

AMENDED COMPLAINT TO DEBTS OWED, NEGLIGENT TORTS, INFLICTION OF EMOTIONAL DISTRESS TORT, INVASION OF PRIVACY TORT, WRONGFUL TERMINATION AND FOR COMPENSATORY AND PUNITIVE DAMAGES

*The Honorable Judge Douglas L. Rayes*

Pursuant to A. R. C. P. 3 & 4, Plaintiff, Lolita Harrison, (*"hereinafter"*, Plaintiff) hereby brings and serves this Amended Complaint to Debts Owed, Negligent Torts, Infliction of emotional Distress Torts, Invasion of Privacy Tort, Wrongful Termination and

for Compensatory and Punitive Damages on Defendant, Honeywell International Inc., *("hereinafter"*, Defendant). *See: supporting documents filed on April 10, 2018; as Docket Number 9; Supplement to Docket Number 8.*

RESPECTFULLY SUBMITTED, this 11th day ofAugut, 2018.

/s/ Lolita Harrison
Pro Per Plaintiff

## SUMMARY STATEMENT OF FACTS

Plaintiff is filing this Complaint on Defendant as it has committed numerous malicious and egregious acts of Negligent Torts, Infliction of emotional Distress Tort, Invasion of Privacy Tort, Wrongful Termination and has purposely broken numerous Labor and Employment Laws punishable by punitive and compensatory damages along with its direct action by Breach of Duty, Failure to pay employee for work completed, Failure to pay overtime pay as disclosed by law, have caused Plaintiff to incur numerous debts from its actions, Infliction of emotional distress, Invasion of privacy by unlawfully intruding in Plaintiffs private affairs and having Plaintiffs private information being disclosed in this Complaint, and for Wrongful termination because of this Complaint being filed with the Court.

Plaintiff has on several or more occasions between May 1, 2017 and February 28, 2018 contacted Defendant via email and telephone, along with supplying evidence to its action to resolve the issues. Defendant has failed to respond to Plaintiffs request to any level of resolution.

Plaintiff and Defendant executed Employment agreement with a start date of May 1, 2017. Payroll issues began immediately with the first payroll and many thereafter, failure to pay overtime and for earned vacation days to work completed by Plaintiff from the Defendant occurred between May 1, 2017 and July 1, 2018. Defendant clearly breached its duty to this employment contract and by its failure of compensating Plaintiff causing Plaintiff to incur debt and for wrongful termination, as Defendant terminated Plaintiff on March 29, 2018 due to the filing of this Complaint in a Court of Law.

Defendant has broken numerous laws to labor, employment, discrimination, compensation on both State and Federal levels.

These negligent, egregious and malicious committed acts by Defendant border on Criminal Torts. Defendants actions caused severe economic and financial, emotional pain and distress, headaches, sleepless nights and a host of other issues to the Plaintiff.

**It is known that,** *A Defendant can be said to "trample" on a Plaintiffs rights when "shown to have engaged in plainly unlawful conduct. There is no requirement of a pattern of wrongdoing…., a single act that is sufficiently egregious will suffice". See, Smith v. Wade.*

## NEGLIGENT TORT

Defendant clearly committed the acts of Negligence when it failed the Plaintiff as upheld by the written Federal and State Law states.

A Negligent tort is the failure to act as a reasonable person to someone to whom s/he owes a duty, as required by law under these circumstances. ***Elements of negligent tort are:***

3

> *(a) that there must be a breach of duty to a known standard of care;*
> *(b) that the breach of that duty was the actual cause and the proximate cause of the harm to the plaintiff; and*
> *(c) that the plaintiff was harmed, to which the law provides a remedy.*
> *(d) Additionally, Civil negligence occurs when a person does not exercise due diligence in their responsibilities.*

Defendant had a legal responsibility of Duty and a responsibility of Liability to the Plaintiff. Here, Defendant has and is in the state of being bound, as in a contract, or obliged to do, pay or make good on something. Here the defendant's actions have caused damage of some kind to the Plaintiff, the law says that they are considered to be liable when this occurs even when the act was out of the defendant's control.

Defendant in its employment agreement dated May 1, 2018; had the trust of the Plaintiff, and as Defendant continued to pay Plaintiff inaccurately, untimely and improperly, causing increased debts to the Plaintiff, along with the other negligent acts its committed, has failed in their promised duty. Here, the breach of the duty of care which should be present in the negligent act, means that if the act is done with the reasonable care and protection as any other prudent man would do, then there arises no question of negligence being into question. Defendant committed an injury to Plaintiff and therefore has caused harm, as a result of the breach of duty of care. Defendant has no legal ground to stand on.

> *So, it is said, when the other person fails to perform his or her duty towards the other, which any other prudent man would do in ordinary course of situation, and injury is caused to the person because of the failure to take care of the other, negligence is said to have been committed.*

## INFLICTION OF EMOTIONAL DISTRESS TORT

Plaintiff has incurred severe infliction of emotional distress (IIED) due to the Defendant's direct actions. Plaintiff has fallen behind at least 3 months in the upkeep of her personal bills in each instance of fault from the Defendants breach, and illegal acts. Plaintiff is stressed, nervous, has sleep issues, and physical nausea from this. The law says that emotional distress not need come from injury or physical pain. *See: Bowman v. Williams, 165 A. 182, 184 (Md. 1933.*

Furthermore, Arizona courts have set forth the elements for the tort of IIED relying on the language of the Restatement (Second) of Torts. *Ford v. Revlon, Inc., 153 Ariz. 38, 44, 734 P.2d 580, 586 (Ariz.1987) (citing Savage v. Boies, 77 Ariz. 355, 272 P.2d 349 (1954)).*

> *"The elements of a cause of action for intentional infliction of emotional distress are: [1] the conduct of the defendant must be extreme and outrageous; [2] the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and [3] severe emotional distress must indeed occur as a result of defendant's conduct." Johnson v. McDonald, 197 Ariz. 155, 160, 3 P.3d 1075, 1080 (1995) (citing Ford, 153 Ariz. at 43, 734 P.2d at 585). Arizona follows the definition of the "extreme and outrageous conduct" element provided in the Restatement (Second) of Torts § 46 (comment d).*

Liability has been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *See Lucchesi v. Stimmell, 149 Ariz. 76, 78, 716 P.2d 1013, 1016 (1986); Cluff v. Farmers Ins. Exch., 10 Ariz.App. 560, 562, 460 P.2d 666, 668 (1969).*

....

## INVASION OF PRIVACY TORT

There are four main types of invasion of privacy, all of which can lead to a civil lawsuit.

***(1) intrusion of solitude, (2) appropriation of name or likeness, (3) public disclosure of private facts, and (4) false light.***

Defendants failure to resolve this issue privately and to make known any public disclosure of private facts to the Plaintiff and this current matter has deliberately caused ***"an intrusion and a view"*** into the Plaintiffs private life and privacy of her personal finances, as they have been made Public. This simply due to the Defendants negligence and the need for filing of this Matter in a Court of Law. Hereby violating Plaintiffs Privacy. Defendant would not be pleased if the privacy of its business, finance and agreements or dealings with its Private Vendors or Products were made public.

## RES IPSA LIOQUITOR

Defendants action against the Plaintiff is a prime example of actual and proximate causation and shows a cut and dry legal principle of Res Ipsa Loquitur, which essentially means, **"The thing speaks for itself."** See: *Byrne v. Boadle, 2 H. & C. 722, 159 Eng. Rep. 299 (Exch. 1863).* There is a presumption of negligence when a party is in sole control of the instrument of the injury and that the injury would not have existed without negligence. As there were no intervening forces, the Defendant is directly at fault here. This was completely foreseeable and directly due to the Defendants mishandling that this could occur. The Defendants alleged negligent acts are stated below:

### COUNT ONE - DEBTS OWED

Defendants direct Negligence, bordering on Criminal has caused continual resulting debts to Plaintiff by way of bounced check fees, overdraft fees, late payment fees, Judgments placed against the Plaintiff, loss of friendships, loss of credit cards, interest fees to personal vendors, that total approximately $25,000 and more with interest. Plaintiff is responsible for payments for herself and her Son who is in college. Defendant has no right to add additional debt to Plaintiffs life. Plaintiff upheld her employment contract with Defendant by being timely and doing her agreed upon duties. Defendant has breached this. Defendant is a Fortune 50 company, whose actions are illegal and outrageous.

### COUNT TWO
### FAILURE TO PAY OVERTIME ACCURATELY AND ALL WAGES OWED

Defendant has not paid the Plaintiff Overtime Wages per the law. Plaintiff had overtime hours logged from May 1, 2018 to July 1, 2018 of approximately 10 or more hours. Plaintiff was not paid by Defendant compensation due for those hours and two or more Vacation days. Defendant clearly failed to pay all wages due Plaintiff through July 1, 2018 and owes Plaintiff approximately a total of $6500.00, and must be held accountable.

### COUNT THREE - WRONGFU L TERMINATION

Defendant Retaliated against the Plaintiff by terminating her for filing this Court Action against it on March 29, 2018; coincidentally its date to file and Answer. Plaintiff notified Defendant via email to resolve the very issues presented here between December 2017 and February 2018. Defendant failed attempts to resolve. Defendant had no valid reason to discharge the Defendant on March 28, 2018, while on Disability leave other than for the reason of

Retaliation. Plaintiff had the intention of staying with this company/position for at least 5 years and has been unable to find gainful employment to date since this wrongful termination. Defendant needs to be held accountable and liable for Retaliation.

Arizona law provides that an employer may terminate an employee at any time. The term is called "at-will employment." Even under this type of contract an Employer cannot terminate an Employee if the following exceptions apply to the Employee:

*If the employer has terminated the employment relationship of an employee in violation of a state or federal statute that prohibits discrimination and retaliation:*

- *The state civil rights act which governs state government (<u>A.R.S. Title 41, Chapter 9</u>) or federal civil rights under Title VII;*

- *The occupational safety and health act which governs safe working conditions (<u>A.R.S. Title 23, Chapter 2, Article 10</u>);*

- *The statutes governing the hours of employment in different types of jobs (<u>A.R.S. Title 23, Chapter 2</u>);*

- *The Americans with Disabilities Act, the Age Discrimination in Employment Act, Family Medical Leave Act, the National Labor Relations Act, and the Uniformed Services Employment and Reemployment Rights Act (USERRA);*

- *The agricultural employment relations act which governs agricultural workers (<u>A.R.S. Title 23, Chapter 8, Article 5</u>).*

Plaintiff was out on Short Term Disability Leave and Defendant was knowledgeable of this.

Legally Plaintiff has a valid a claim against Defendant for wrongful termination.

Here, Defendant has clearly broken the law.

## COUNT FOUR - DAMAGES

Plaintiff is seeking damages Punitive and Compensatory from the Defendant for its illegal numerous malicious and egregious acts of Negligent Torts, Infliction of emotional Distress Tort, Invasion of Privacy Tort, Wrongful Termination.

> *To merit punitive damages, the conduct in an intentional interference with a business relationship case must be egregious and sufficiently reprehensible to rise to the level of truly culpable behavior deserving punishment. See: Bistline v. Rogers, 42 Fla. L. Weekly D706 (Fla. 4th DCA March 29, 2017).*

And;

> *"...where, however the act occasioning the injury was inspired by fraud, malice, or like motive, mental suffering is often held to be a proper element of damage". See: Smith, 461USC at 56. In Valley Development Co. v. Weeks; 363P.2d.730,*

Breakdown of Damages Plaintiff Request Defendant is Ordered by the Court to pay Plaintiff for its Negligence are as follows (which do not include Debts owed, Unpaid Overtime and Unpaid Wages):

1. Back pay from March 29, 2018 for 6 Months (or to final litigation date of this matter) $42,000.00.
2. Pay loss of wages to TWO year's salary at $95,000.00 (inclusive of loss of benefits, loss of bonus opportunities, loss of future earnings capacity). $190,000.00.
3. Compensatory damages of $250,000.00.
4. Punitive damages of $250,000.00.

....

## LEGAL ANALYSIS

The "clearly established law" provides that the Law is placed for the ensuring boundaries to actions, Negligent, Disability, Retaliation and otherwise, those actions occurring from Defendant to Plaintiff. The breaking of these and any other laws by either party must not go unpunished. Defendant has committed negligent, malicious and egregious actions "deliberately ".

The courts' fundamental objective is to evaluate, based on the factors what are important to the case at hand and that are relevant to a particular case.

*A claimant need not "set out in detail the facts upon which he bases his claim." Conley v. Gibson, <u>355 U.S. 41</u>, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Rather, the complaint need only provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. Accordingly, in evaluating the sufficiency of a complaint, the court's role "is necessarily a limited one," confined to evaluating "not whether a plaintiff will ultimately prevail," but "whether the claimant is entitled to offer evidence to support the claims."*

*In Swierkiewicz, the Court addressed whether an employment discrimination complaint must contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, <u>411 U.S. 792</u>, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). The Court held that a complaint need not establish a prima facie case under McDonnell Douglas, but instead must comport with the "short and plain statement of the claim".*

Additionally, the law says there are four (4) elements that must be proven to Negligence: Duty, Breach, Causation and Damages.

The Defendant by action has proven its own illegal acts of Negligence and that

it is at fault and liable and has no legal ground to stand on. Concurrently, Defendant has also broken Labor and Employment laws, to Disability and Wrongful termination in more than one instance.

**PRAYER FOR RELIEF**

Plaintiff request and prays to the Court for Relief of the Defendants actions by its issuance of an Order in the Plaintiffs favor and against the Defendant in the highest level and amount punishable by Law.

This motion made in good faith and not for the purpose of delay.

RESPECTFULLY SUBMITTED, this 11th day of August, 2018.

/s/Lolita Harrison
Pro Per Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2018. I electronically transmitted/filed this document with the Clerk's Office using the CM/ECF System for filing and I also hereby certify that on this 11th day of August, 2018 I served the attached by U. S. Post Mail on:

Ogletree Deakins, Nash, Smoak & Stewart, PC
2415 E Camelback Road
Suite: 800
Phoenix, Arizona 85016

Attention: Leah S Freed
*Counsel for the Defendant*